# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 863 | DATE | 4/29/2003 |
| CASE TITLE | Systematic Management vs. Royal Care, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants defendant's motion to transfer (4-2). The case is ordered transferred to the Eastern District of Tennessee, and the Clerk of Court is directed to transmit the records and files of this case to that District. Defendant's motion to dismiss for lack of proper venue (4-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 3 0 2003 date docketed | 13 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 3 0 2003

SYSTEMATIC MANAGEMENT )
SYSTEMS, INC., )
)
Plaintiff, )
)
vs. ) Case No. 03 C 0863
)
ROYAL CARE, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Systematic Management Systems, Inc. ("SMS") is an Illinois based consulting company that provides education and training for health care providers that are interested in maximizing Medicare reimbursements for their services. It has sued Royal Care, Inc., a Tennessee-based nursing home management company, for breach of contract. This suit was originally filed in Illinois state court, and was removed to this Court based on diversity of citizenship. Royal Care now moves to dismiss. It argues that personal jurisdiction over Royal Care is lacking in Illinois, and that this District is an improper venue for the case. Alternatively, it asks that the case be transferred to the Eastern District of Tennessee.

### Factual Background

In its complaint, SMS offers few factual allegations concerning the background and nature of its contract dispute with Royal Care. In determining whether this Court has personal jurisdiction over the defendants, however, we may consider affidavits submitted by the parties. *Cherry Communications, Inc. v. Coastal Telephone Company*, 906 F. Supp. 452, 454 (N.D. Ill.

13

1995); *see also Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) ("when the party moving for dismissal ... challenges the factual basis for jurisdiction, the nonmoving party (i.e., the plaintiff) must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction"). Based on the parties' affidavits, the facts relevant to this motion are as follows.

SMS is an Illinois corporation with its principal place of business in Woodridge, Illinois. Royal Care is a Tennessee corporation with its principal place of business in Cleveland, Tennessee. During January 1999, SMS contacted Royal Care at its Tennessee offices to discuss its consulting services with Royal Care and to solicit Royal Care's business. Following a conversation between the parties' representatives, Royal Care requested some additional information from SMS regarding its Medicare recapture program, and SMS mailed certain materials to Royal Care, including a proposed confidentiality agreement. Between February and April 1999, the parties had several phone conversations during which they discussed SMS's program and the potential for a business relationship. On April 2, 1999, the parties executed a confidentiality agreement, with each party signing a copy of the agreement faxed between their offices. The agreement was designed, in part, to protect the allegedly confidential contents of a Medicare recapture handbook that SMS planned to make available to Royal Care as part of their negotiations. It provided that Royal Care could use the handbook solely to evaluate the prospect of entering in to a formal consulting agreement with SMS, and it entitled SMS to a certain percentage of any Medicare reimbursements that Royal Care might recover through unauthorized use of its recapture techniques. *See* Pl's Resp., Ex. A (Confidentiality Agreement) at ¶ 6. On April 5, 1999, a representative of SMS traveled to Royal Care's offices in Tennessee to deliver

2

the handbook and to discuss further some of the benefits offered by SMS's consulting services. At that time, according to SMS, Royal Care expressed its intent to sign a formal consulting agreement. Pl's Resp., Giger Affidavit at ¶ 16.

After SMS's trip to Tennessee, however, negotiations between the parties lapsed. Despite several attempts to contact Royal Care by phone between April and October 1999, SMS was unable to secure a commitment, and Royal Care never signed a formal deal. In late October, 1999, Royal Care mailed the recapture handbook back to SMS. By its own account, Royal Care simply decided not to do business with SMS. SMS claims, however, that Royal Care used the recapture handbook to obtain Medicare reimbursements for medical tests performed at some of Royal Care's nursing facilities in Tennessee and Alabama. Consequently, SMS claims, Royal Care breached the parties' April 2, 1999 confidentiality agreement and is liable to SMS for a percentage of the Medicare reimbursements that it received.

## Discussion

As the plaintiff, SMS has the burden of showing the existence of personal jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Because this is a diversity suit, we may exercise jurisdiction over Royal Care only to the extent that an Illinois court could do so. *See Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994).

Under Illinois law, personal jurisdiction exists based on certain enumerated bases, such as doing business in the state, 735 ILCS 5/2-209(a)(1), as well as "any other basis" permitted under the United States Constitution. *Id.* 5/2-209(c). The Constitution permits personal jurisdiction over nonresident individuals and corporations only when the defendant has had "certain

3

minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "What that standard means in a particular case depends on whether the state asserts 'general' or 'specific' jurisdiction." *RAR*, 107 F.3d at 1277. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state; specific jurisdiction means that the plaintiff's claims "arise[] out of or relate[] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9, 416 (1984). SMS does not argue that this Court could assert general jurisdiction over Royal Care. Rather, it contends that Royal Care's business relationship with SMS, and the Illinois choice of law provision governing the parties' April 2, 1999 confidentiality agreement provide the minimum contacts necessary to justify specific jurisdiction over Royal Care in Illinois. We disagree.

To demonstrate that specific jurisdiction over Royal Care exists in Illinois, SMS must point to some act or transaction through which Royal Care itself created a "substantial connection" with Illinois such that it may be said to have "purposefully availed" itself of the privilege of conducting activities here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). It has failed to do so. Based on the evidentiary materials submitted by both parties, it is clear that SMS initiated its relationship with Royal Care through phone calls and mailings directed to Royal Care's offices in Tennessee. Giger Affidavit at ¶ 6; Pollet Affidavit at ¶ 7. Further, one of SMS's representatives traveled to Tennessee to deliver its Medicare recapture handbook to Royal Care and to strengthen negotiations towards a consulting agreement. Giger

4

Affidavit at ¶ 11. By contrast, no one from Royal Care ever traveled to Illinois. Apart from SMS's trip to Royal Care's offices, all of the parties' negotiations took place over the phone and through the mail, and the contract at issue in this case was signed separately by each party at its respective place of business. *Id.* at ¶¶ 9 and 10. The only evidence offered by SMS in support of its contention that Royal Care purposely availed itself of the privilege of conducting activities in Illinois is the Illinois choice of law provision contained in the April 2, 1999 confidentiality agreement. Pl's Resp., Ex. A at ¶ 7. Standing alone, however, a choice of law provision is insufficient to show that a defendant has "'purposefully invoked the benefits and protections of a State's laws' for jurisdictional purposes." *Burger King,* 471 U.S. at 482.

SMS relies on a few Illinois Appellate Court decisions to suggest that an out of state defendant may be haled into court in Illinois when it actively pursues a business deal with an Illinois-based company. *See G.M. Signs, Inc. v. Kirn Signs, Inc.,* 231 Ill. App. 3d 339, 596 N.E.2d 212 (1992); *Chalek v. Klein,* 193 Ill. App. 3d 767, 550 N.E.2d 645 (1990); *Cook Assoc. Inc. v. Colonial Broach & Mach. Co.,* 14 Ill. App. 3d 965, 304 N.E.2d 27 (1973). To the extent that personal jurisdiction over out of state defendants was determined to exist in these cases, however, the courts found that the defendants had both initiated and negotiated deals with Illinois businesses. *See Cook,* 14 Ill. App. 3d at 970, 304 N.E.2d at 30-31 (personal jurisdiction appropriate where defendant initiated the business transaction in question); *G.M. Signs,* 231 Ill. App. 3d at 344, 596 N.E.2d at 215 (personal jurisdiction existed over an "active purchaser" who initiated and negotiated an ongoing commercial relationship with an Illinois seller); *cf. Chalek,* 193 Ill. App. 3d at 773-74, 550 N.E.2d at 649 (no personal jurisdiction over a "passive purchaser" who simply ordered a product from an Illinois seller). In the present case, however, it

5

is clear that SMS–not Royal Care–initiated relationship between the parties. Though Royal Care does not appear to have been completely passive, the evidence before the Court indicates that the parties' relationship consisted mainly of efforts by SMS to secure Royal Care's business. Under these circumstances, we cannot say that Royal Care has purposefully established minimum contacts with Illinois. Accordingly, personal jurisdiction over Royal Care is lacking.

## CONCLUSION

Because personal jurisdiction over the defendant is lacking, dismissal of the complaint would be appropriate. In lieu of dismissal, however, the Court may transfer the case to a district where the case could have been brought. *See* 28 U.S.C. §1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (the court may transfer case under §1406(a) even if personal jurisdiction does not exist in the transferor forum). The Eastern District of Tennessee is such a district. The Court therefore grants defendant's motion to transfer [Docket # 4-2]. The case is ordered transferred to the Eastern District of Tennessee, and the Clerk is directed to transmit the records and files of this case to that District. Defendant's motion to dismiss for lack of proper venue [Docket # 4-1] is denied as moot.

MATTHEW F. KENNELLY
United States District Judge

Date: April 29, 2003